Richard Gerald Orr
Clark County Jail
P.O. Box 1147
Vancouver, WA 98666-1147
Tele No. 360-980-4812        PRO SE LITIGANT is Richard G. Orr.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

10-6268-TC

1  Civil Case No. To Be Assigned At Filing
2  Richard Gerald Orr,            JURY TRIAL DEMAND
3     Plaintiff,                  COMPLAINT
4     V.
5  1. Timothy Mueller, Linn County's Sheriff,
6  2. Jeff Cone, Linn County Jail's Commander,
7  3. Todd Vian, Linn County Jail's Supervising Administrator,
8     Defendants.
9
10       I. JURISDICTION & VENUE
11 1) This is a civil action authorized by Title 42 of the United
12 States Code Section 1983 to redress the deprivation, under color
13 of state law, rights secured by the amendments set forth to the
14 United States Constitution, and Sections of the State of Oregon's
15 Constitution. The court has jurisdiction under 28 USC Section 1331
16 and 1343 (a)(3), and the Court has supplemental jurisdiction over
17 plaintiff's State law claims under 28 USC Section 1367. Plaintiff
18 seeks declaratory relief pursuant to 28 USC Section 2201 and 2202
19 Plaintiff's claims for injunctive relief are authorized by 28 USC
20 Section 2283 and 2284 and Rule 65 of the Federal Rules of
21 Civil Procedure.
22 2) The United States District Court For The District of

Page 1 of 20    U.S. District Court Complaint

1 Oregon is an appropriate venue under 28 USC Section 1391(b)(2)
2 because it is where the events giving rise to these claims occurred.
3
4   II.  AMENDMENTS TO THE U.S. CONSTITUTION INVOLVED
5  3) This Case involves the deprivation of the 1st Amendment to the
6 U.S. Constitution which states; "Congress shall make no law
7 respecting an establishment of religion, or prohibiting the free exercise
8 thereof; or abridging the freedom of speech, or of the press; or the
9 right of the people peaceably to assemble, and to petition the
10 Government for redress of grievances: Also the 8TH Amendment
11 which states; "Excessive bail shall not be required, nor excessive
12 fines imposed, nor cruel and unusual punishments inflicted:
13 Also the 14TH Amendment which states; "All persons born or
14 naturalized in the United States, and subject to the jurisdiction
15 thereof are citizens of the United States and of the State wherein
16 they reside. No State shall make or enforce any law which shall
17 abridge the privileges or immunities of citizens of the United
18 States; nor shall any State deprive any person of life, liberty, or
19 property, without due process of law; nor deny to any person
20 within its jurisdiction the equal protection of the laws."
21
22   III.  OREGON STATE CONSTITUTION SECTIONS INVOLVED
23  4) This Case also involves the deprivation of the Oregon State's
24 Constitution Sections: Section 8 which states; "No law shall be
25 passed restraining the free expression of opinion, or restricting
26 the right to speak, write, or print freely on any subject
27 whatever; but every person shall be responsible for the abuse of this

right; Also Section 10 which states; "No Court shall be secret, but justice shall be administered, openly and without purchase, Completely and without delay, and every man shall have remedy by due Course of law for injury done him in his person, property, or reputation. Also Section 16 which states; "Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishment shall not be inflicted, but all penalties shall be proportioned to the offense. — In all Criminal Cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

## IV. PLAINTIFF

5) I, Richard Gerald Orr, Currently am a detainee within the State of Washington, in Clark County's Jail within the City of Vancouver across the Columbia River from Portland, Oregon. I am fighting extradition to be transferred back to Linn County, to the city of Albany, Oregon, and back into the Custody of the Linn County Jail for allegedly violating the conditions of Post-Prison Supervision. My Constitutional rights to petition the Government for the redress of grievances and due process of law are deprived in Linn County. At all times mentioned herein I was an inmate within the Custody of the Linn County Jail located at 1115 SE Jackson St., Albany, Oregon 97321.

## V: DEFENDANTS

6) 1. Defendant, Timothy Mueller, is the Current elected Sheriff of Linn County. He is the Supreme administrative authority of the Linn County Jail. He is responsible for the Supervision and management

of his subordinates who enforce the policies within the Linn County Jail that deprives a Linn County Jail inmate of his U.S. Constitutional rights of meaningful access to the Courts to prosecute a civil suit as a pro se litigant. The responsibility is the Linn County Sheriff's to order any of his Linn County Sheriff's Administrative Detention Deputies such as the Commander and Supervising Detention Official of the Linn County Jail to immediately desist and stop the unconstitutional enforcement of policies that deny a Linn County Jail inmate meaningful access to the U.S. District Court to initiate a Civil Suit as a pro se litigant. The defendant, Timothy Mueller, Sheriff of Linn County has acted, and is currently acting in deliberate indifference to the right of a Linn County Jail inmate's right to have meaningful access to the U.S. District Court to prosecute a Civil Complaint as a pro se litigant. At all times mentioned within this Complaint the defendant acted under color of state law.

7) 2 Defendant, Jeff Cone, Linn County Jail's Commander is second in the responsibility for supervising and managing his subordinates. He is responsible for the policies and procedures implemented by his subordinate Linn County Sheriff's Detention Deputies who are enforcing the policies and procedures within the Linn County Jail that does effect an inmate's right to have meaningful access to the United States District Court to prosecute a civil action as a pro se litigant. The defendant did act, and is currently acting in deliberate indifference to a Linn County Jail inmate's U.S. Constitutional rights, and the Oregon State's

Constitutional rights to have meaningful access to the Courts as a pro se litigant to prosecute a civil action. There is not any distinction made within the amendments to the U.S. Constitution or, Oregon State's Constitution that Criminal defense of an inmate as his own Counsel has priority over the Constitutional rights of a detainee within the custody of any United States County jail who has a non-frivolous Cause to petition the United States District Courts to hear his/her Civil Complaint. Yet the defendant, Jeff Cone, Commander of the Linn County Sheriff's Detention Facility, the Linn County Jail, and all of his Subordinates enforce the policy that an inmate who is defending his/her self against a Criminal prosecution has the right to have access to the Courts. BUT! Even this policy of allowing a Linn County Jail inmate to act as his/her Criminal defense Counsel absolutely does not Comply with the amendments to the U.S. Constitution or, Oregon State's Constitution which clearly defines "meaningful access to the Courts." At all times mentioned herein the defendant did, and is currently acting under Color of State law.

8) 3. Defendant, Todd Vian, Linn County Sheriff's Detention Facility's Administrative Supervisor of all of the Linn County Sheriff's Detention Deputies who have Contact with all pretrial detainees and detainees within the Linn County Jail. Defendant, Todd Vian, Supervises all working shifts within the Linn County Jail. There exists two twelve hour working shifts that all Linn County Jail Detention Deputies work. He is responsible for his subordinate

1. enforcement of policies and procedures during their work shifts.
2. The defendant has instructed his subordinates to completely deny
3. an inmate of the Linn County Jail any formal grievance forms
4. for the purpose of complying with the United States District
5. Court's requirement to exhaust all remedies at the
6. administrative level. According to the defendant's superiors,
7. Jeff Cone, Commander of the Linn County Jail, and Timothy
8. Mueller, the Linn County Sheriff, the implementation and enforcement
9. of the policy to deny a Linn County Jail inmate's meaningful
10. access to the U.S. District Court to prosecute a non-frivolous
11. Title 42 of the United States Code Section 1983 Civil action is
12. not a violation of an inmate's Constitutional rights. Thus denying
13. meaningful access to the Court for the purpose of filing a pro se
14. Civil suit is not grievable within the Linn County Jail. Thus
15. the defendants, and the defendant, Todd Vian, the Linn County
16. Jail's Administrative Supervisor are acting not only in deliberate
17. indifference to my U.S. Constitutional rights to meaningfully
18. access the Courts. All of the named defendants did act, and
19. are currently acting in wanton deliberate indifference to my
20. U.S. Constitutional rights, and my Oregon State Constitutional
21. rights. At all times mentioned herein this Complaint the defendant
22. acted under color of state law.
23. 9) Each defendant is sued individually and in his official capacity.
24. At all times mentioned herein this Complaint the defendants
25. acted under color of state law.
26.
27. GO TO PAGE 7 OF COMPLAINT

## VI. STATEMENT OF CASE

10) I, Richard Gerald Orr, contend that beginning on Tuesday, April 14th, 2009, at or about 11:00 A.M. I was booked into the custody of the Linn County Jail for allegations that I had violated conditions of my Post-Prison Supervision. During the booking process I notified Linn County Sheriff's Detention Deputy, Sergeant Taylor, that I was prosecuting a Title 42 United States Code Section 1983 Civil Suit. I gave the names of the defendants which were the Multnomah County Health Department's Corrections Health Services and several of the Multnomah County Sheriff's Detention Deputies who had denied me treatment for my serious medical needs. Linn County Sheriff's Detention Deputy, Sergeant Taylor, immediately responded "The Linn County Jail does not assist with Civil Suits." I subsequently requested a grievance form. Again Sergeant Taylor responded "That is not grievable. You can't have a grievance for that." I, Richard Gerald Orr, had to trade my breakfasts and supper trays to other inmates for the next 45 days to have enough notebook paper and stamped envelopes to notify the United States District Court Judge, Ancer Haggerty, presiding over my Title 42 USC Section 1983 Civil Suit, Case Number 3:08-CV-607-HA, that I was in the custody of the Linn County Jail and did not have meaningful access to the U.S. District Court.

11) I, Richard Gerald Orr, submit exhibit of evidence, A, The Linn County Jail Inmate Request Form

Page 7 of 20    U.S. District Court Complaint

addressed to the defendant, Jeff Cone, Linn County, Sheriff's Detention Facility Commander (Linn County Jail); Exhibit of evidence, B, The Linn County Jail Inmate Request Form addressed to the observation Tower on the West Side of the Linn County Jail. The response given by the Linn County Sheriff's Detention Official in exhibit of evidence, A, which states " We provide stamped envelopes as you well know. What you choose to do with them is up to you. You get these regardless of your ability to pay." This person does not answer my questions concerning paying the postage of legal mail that exceeds the 44 cents of a one ounce weight. Cone's response is vague, and none of my questions concerning access to the Courts are answered. This Linn County Jail Inmate Request Form is dated May 4th, 2010. Also exhibit of evidence, B, absolutely shows the Linn County Jail's policy of " We do not assist with Civil actions." This Linn County Jail Inmate Request Form is dated May 19th, 2010. Clearly the deprivation of my rights has happened. What the person who answered the exhibit of evidence, A, did not clarify, was the fact that indigent inmates only receive two stamped envelopes and six sheets of notebook paper a week. And absolutely nothing else to provide meaningful access to the Courts. No copies are provided or postage for overweight mail.

12) The deprivation of my rights to have meaningful

1. access to the U.S. District Court, Portland Division resulted
2. in me starving myself with having to trade my food for the bare
3. essentials of having at least twelve sheets of note book paper
4. and stamped envelopes to provide the U.S. District Court
5. with two copies of my "Notice of Change of Address", and
6. provide the defendant's Counsel, Multnomah County Assistant
7. Attorney, Stephen L. Madkour, with a true and correct copy.
8. Also I had to provide the U.S. District Court with two
9. "Certificates of Service" that I had provided the defendant's
10. Counsel for Case No. 3:08-CV-607-HA with a true and correct
11. Copy. I was having to starve myself by trading my meals to
12. other inmates simply to have the means to write the Court
13. that I was in the Linn County Jail and could not provide
14. the Court with nothing else. Everything was copied by
15. hand. This does Constitute and is Cruel and unusual
16. punishment. At no time did the Linn County Jail provide
17. me with paid postage when my legal mail was over the
18. one ounce limit of 44 cents. This refusal to provide
19. me with due process of law caused me to be unable to
20. Compose a "Cause of Complaint" to Submit to the U.S.
21. District Court concerning the violations of my rights
22. by Oregon State Governmental Agencies.
23. 13) The deprivation of my 1st, 8th, 14th Amendments to
24. the U.S. Constitution, and Oregon State's Constitution's
25. Sections 8, 10, 16 did continue at these times of arrest
26. and detention: Beginning Tuesday, April 14th, 2009 Through Thursday
27. May 29th, 2009 which is 45 days: I was arrested Thursday,

1. June 11th, 2009 by Linn County's ODOC Community Corrections
2. Agency field officer, Mark Killian, and several of his colleagues
3. at gun point within my apartment's bedroom located at 1015 SW
4. 9th Avenue, Apartment 7, Albany, Oregon 97321. I was sentenced
5. (sanctioned) 21 days within the custody of the Linn County Jail
6. and deprived of meaningful access to the Court until Thursday,
7. July 2nd, 2009. I was again arrested by Linn County's ODOC
8. Community Corrections Agency's field officer, Mark Killian, at
9. or about Wednesday, July 15th, 2009. Again I was sentenced
10. (sanctioned) by field officer, Mark Killian, 7 days. I was
11. deprived of my rights until I was released Thursday, July
12. 22nd, 2009. At or about Wednesday, February 9, 2010 I was
13. again arrested by Linn County's ODOC Community Corrections
14. Agency field officer, Mark Killian, and sanctioned 17 days
15. within the custody of the Linn County Jail. I was released
16. Thursday, February 26th, 2010. I was again arrested at gun
17. point Thursday, April 8th, 2010 by Linn County ODOC Community
18. Corrections Agency field officer, Mark Killian, and two of
19. his colleagues who also had pointed loaded, and ready to fire
20. 9 millimeter semi-automatic pistols at me, Robert Dornbusch,
21. Bruce Farmer and Michael Hale at my apartment house within
22. Michael Hale's Apartment. I was sentenced, sanctioned, into
23. the custody of the Linn County Jail for 90 days, 3 months.
24. I was released Tuesday, July 6th, 2010. I had starved by
25. having to trade my food for the stamped envelopes and
26. notebook paper necessary to have LIMITED meaningful
27. access to the Court. I needed to complete my Amended

1. Complaint for U.S. District Court Case No. 3:08-CV-607-HA,
2. and write out a Cause of Complaint to submit to the U.S.
3. District Court located in Eugene, Oregon. I lost 35 pounds
4. (Thirty Five Pounds) of body weight during my 3 months of
5. being detained within the Custody of the Linn County Jail.
6. I attempted multiple times to obtaine Linn County Jail
7. grievances to grieve the jail's policy of depriving me of
8. meaningful access to the Court. I was being arbitrarily
9. arrested and sanctioned for frivolous reasons by the Linn
10. County's ODOC Community Corrections Agency's field officer,
11. Mark Killian. I absolutely had reason to grieve the policies
12. of the Linn County Sheriff, Timothy Mueller, and his
13. Subordinates, Jeff Cone, Linn County Jail's Commander, and
14. Todd Vian, Linn County Jail's Detention Deputies shifts
15. Supervisor. I was denied all requests to attempt to grieve
16. and remedy this deprivation of my rights to have meaningful
17. access to the Courts, protection from Subsequent Cruel and
18. Unusual punishment, and my right of procedural due process.
19. This is my Statement of my Case.
20.
21.     **VII    STATEMENT OF FACTS**
22. 14) 3. The defendant, Todd Vian, Linn County Sheriff's
23. Administrator of all employed detention deputies working
24. within the Linn County Jail was contacted by me on all
25. times that I became incarcerated within the Linn
26. County Jail. I wrote several Linn County Jail Inmate
27. Request Forms addressed to him asking these questions:

1. (A) Does the Linn County Sheriff's Detention Officials Know
2. it is unconstitutional to deny an inmate access to the Courts
3. regardless whether it is a Civil or Criminal matter?
4. (B) Are the Linn County Sheriff's Detention Administrating
5. Officials wantonly deliberately indifferent to an inmate's
6. rights concerning Cruel and unusual punishments?
7. (C) Why does the Linn County Sheriff's Detention Facility
8. employ, Nancy Carpenter, as the Linn County Jail's law
9. librarian, and she is instructed by you, Mr. Todd Vian,
10. not to provide precedents of Federal Case Law for the
11. purpose of prosecuting a United States District Court
12. Title 42 United States Code Section 1983 Civil Action?
13. Not once during the five arrests and incarcerations
14. within the Linn County Jail did the defendant, Todd Vian,
15. Linn County Jail's employee Supervisor answer me.
16. 15) The defendant, Todd Vian, Linn County Sheriff's
17. Detention Deputy Supervising Official did, and is
18. Currently enforcing policies that are wanton deliberate
19. indifferent to the Amendments to the U.S. Constitution,
20. and also to Oregon State's Constitution when he does
21. not stop his subordinates enforcement of policies
22. that deprive a Linn County Jail inmate meaningful
23. access to the U.S. District Court, Causes Cruel and
24. unusual punishment, and deprives him/her of their
25. due process of law. Regardless whether or not he
26. personally has actively deprived the inmate of these
27. rights. As an administrating official who has been

informed in writing and verbal messages delivered to him by his subordinates whom I personally requested them to deliver concerning my right to have meaningful access to the U.S. District Court. The defendant could have, and can stop these violations of my rights. I, Richard Gerald Orr, will be forced to return to the custody of the Linn County Jail. The Oregon State Board of Parole & Post-Prison Supervision currently has submitted a fugative warrant demanding my forced return to the State of Oregon for undeclared allegations of violating the conditions of my Post-Prison Supervision. Thus the defendant will resume his deprivation of my meaningful access to the United States District Court to petition it for redress of these grievances.

(6)2 The defendant, Jeff Cone, Commander of the Linn County Jail has also been contacted and made aware of my legitimate need to have access to a law library that could supply me with pertinent precedents of law pertaining to my prosecution of my current United States District Court Civil Suit, Case No. 3:08-CV-607-HA which I am prosecuting currently within the U.S. District Court, Portland Division. The defendant has upon information and belief wantonly deprived me of meaningful access to the Courts. I have attempted to remedy this problem at the County administrative level since the beginning of my first detainment within the Linn County Jail Tuesday, April 14th, 2009 through four different detainments until my last release from the Linn County Jail's custody Tuesday, July 6th, 2010 after being detained for 90 days.

1. The defendant, Jeff Cane, Commander of the Linn County Jail
2. has wantonly deprived me of my rights. Thus his co-defendants
3. have acted, and will act again in wanton deliberate
4. indifference to the rights identified herein once I am
5. forced to return to the custody of the Linn County Jail.
6. The defendant has used his color of state law to interfer and
7. stifle my mandated requirement to exhaust the administrative
8. remedies within the Linn County Jail. In fact it is a rule
9. that the Linn County Jail's Commander has the final decision
10. on grieved issues. Once the defendant, Jeff Cane, Linn County
11. Jail's Commander had made the decision that the policy of
12. denying an inmate meaningful access to the United States
13. District Court was not grievable. I believe I have exhausted
14. all administrative remedies. The defendant has, and will continue
15. to act in wanton deliberate indifference to my rights under
16. color of state law.
17. 17)1. The defendant, Timothy Mueller, Linn County's Sheriff is the
18. origin of this policy to "... not asist with civil actions." The
19. defendant's subordinates, especially his second and third Linn
20. County Jail Administrator and Supervisor over all other Linn County
21. Sheriff's Detention Officials and Deputies would not act so blatant
22. and sure of their support unless they were assured of the
23. Sheriff's being the authority that initiated this policy of
24. denying an inmate incarcerated in the Linn County Jail to
25. meaningful access to the courts as a pro se litigant prosecuting
26. a civil action. In fact the defendant, Timothy Mueller,
27. Sheriff of Linn County and his croonies within the

1  Linn County Commissioners office have bragged in the local
2  news paper, The Democrate Herald that they have made a
3  profit from the outrageous collect calls that the relatives
4  of the inmates within the Linn County Jail paid last year of
5  sixty three thousand dollars. Also the in fighting of what to
6  spend the eighteen million dollars that Pepsi Company paid
7  Linn County this year. The defendant has originated the
8  policy to deny Linn County Jail inmates meaningful access
9  to the United States District Court with wanton deliberate
10 indifference. I, Richard Gerald Orr, contend that with all
11 of the millions of dollars now within the Linn County Commission
12 bank account. The defendant, Timothy Mueller, Sheriff of Linn
13 County can now purchase a very good second hand copying
14 machine and could very well purchase computers with word
15 processing capabilities so an inmate could print out meaninful
16 briefs and declarations. Also with these funds the defendants
17 could purchase access to the Website of Westlaw. The
18 defendant, Timothy Mueller, Sheriff of Linn County has, and
19 is currently acting in wanton deliberate indifference to the
20 amendments to the U.S. Constitution, and the sections of
21 Oregon States Constitution that I have set forth herein my
22 Cause of Complaint.
23
24     VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES
25 18) I, Richard Gerald Orr, did attempt to resolve this issue
26 at the administrative level at the Linn County Jail during
27 all five incarcerations due to being arrested for frivolous

1. reasons and outright arbitrary restraint due to Linn
2. County's ODOC Community Corrections Agency field officer,
3. Mark Killian, violating the Post-Prison Supervision.
4. 19) The defendants, Jeff Cone, Commander of the Linn
5. County Jail and Todd Vian, Administrating Supervisor
6. of the Linn County Jails Detention Deputies did, and
7. are continuing to enforce the policy that denying an
8. inmate the 1st and 14Th Amendments to the U.S. Constitution
9. is not "...grievable." This alone is a violation of the
10. 14Th Amendment because these defendants have refused
11. to allow me to even initiate my right of "Procedural
12. due process." I declare to the United States
13. District Court that I did exhaust all administrative
14. remedies before I initiated this current Title 42 U.S.C.
15. Section 1983 Civil Action against the Sheriff of
16. Linn Count and the Linn County Jail Administrative
17. Officials.
18.
19. ## IX. LEGAL CLAIMS
20. 20) I, Richard Gerald Orr, reallege and incorporate by
21. reference paragraphs that correspond to the defendants in
22. their numerical order of (1) Timothy Mueller, Linn County's
23. Sheriff; beginning on page three, paragraph six through page
24. 4; and beginning on page fourteen, paragraph seventeen through
25. page fifteen; (2) Jeff Cone, Linn County Sheriff's Detention
26. Facility's (Linn County Jail's) Commander; beginning on page 4,
27. paragraph seven (7) line 18; and beginning on page thirteen (13)

1  line fourtee (14) paragraph Sixteen (16); (3) Todd Vian, Linn
2  County Sheriff's Detention Facility's (Linn County Jail's)
3  Administrative Supervisor of all Linn County Jail's Detention
4  Deputies and Civilian employees, beginning on page five (5)
5  line 20, paragragh eight (8) through page Six (6).
6
7           LEGAL CLAIM ONE
8  19) All of the named defendants, (1) Timothy Mueller,
9  Sheriff of Linn County, (2) Jeff Cone, Commander of
10 the Linn County Jail, (3) Todd Vian, Administrative
11 Supervisor of the Linn County Jail did act in wanton
12 deliberate indifference to my 1st Amendment to the
13 United States Constitution which guarantees that I shall
14 have meaningful access to the United State District Court
15 to petition it for a redress of grievances. This right was
16 blantantly deprived under color of State law and Continues
17 to be deprived.
18
19          LEGAL CLAIM TWO
20 20) All of the named defendants did act in wanton
21 deliberate indifference to my right to be protected from
22 Cruel and unusual punishment under the 8th
23 Amendment to the United States Constitution. Due to
24 their deprivation of my right to have meaningful access
25 to the U.S. District Court, Portland Division, to continue
26 my prosecution of Case No. 3:08-CV-607-HA, I was forced
27 to sell my meals for stamped envelopes and paper. This

1. resulted in starvation so severe that I lost 35 pounds
2. within 90 days. This deprivation of my right has caused
3. intestinal pains so severe that I break out in a cold
4. sweat and get sick to my stomach.
5.
6.           LEGAL CLAIM THREE
7. 21) All of the named defendants did act in wanton
8. deliberate indifference to my right under the 14th
9. Amendment to the United States Constitution when they
10. deprived me of meaningful access to the United States
11. District Court to commence action of a Title 42 United
12. States Code Section 1983 Civil Action against the Linn
13. County ODOC Community Corrections Agency, the field officer
14. who continues to use his color of state law to execute
15. arbitrary restraint against my liberty, the Oregon
16. Department of Corrections Community Corrections Division,
17. and its Chief, Mark J. Cadotte. The defendants deprived
18. me of meaningful access to the U.S. District Court when
19. they wantonly refused to provide the means to compose
20. a cause of complaint, the means to make copies, and the
21. means to mail the cause of complaint with postage
22. appropriate for over weight legal mail. This continues
23. within the Linn County Jail currently, Thursday, August 5th,
24. 2010.
25.
26.           LEGAL CLAIM FOUR
27. 22) All of the named defendants did act in wanton

Page 17 of 20   U.S. District Court Complaint

deliberate indifference to my right under the 14TH Amendment to the United States Constitution to have procedural due process. The defendants acted in wanton deliberate indifference to this right when they deprived me of the grievance process. To deny an inmate who is detained in a United States jail within one of its states or territories the grievance process due to deprivation of meaningful access to the U.S. District Court for the purpose of prosecuting a Title 42 United States Code Section 1983 Civil action as a Pro Se Litigant is an absolute grievable issue. The defendants acted in wanton deliberate indifference when they told me this policy within the Linn County Jail was not grievable.

## X. PRAYER FOR RELIEF

23) WHEREFORE, I, Richard Gerald Orr, respectfully prays that this Court enter judgment granting me:

24) ONE (1): That the acts and omissions described herein violated my rights under the United States Constitution and Oregon State's Constitution and;

25) TWO (2): A preliminary and permanent injunction ordering defendants: (1) Timothy Mueller, Sheriff of Linn County; (2) Jeff Cone, Commander of the Linn County Jail; (3) Todd Vian, Administrative Supervisor of the Linn County Jail, to desist from any and all future acts of retaliation or vengence for this action at law suing them. This includes relatives, friends or any person of whom

Would cause me, Richard Gerald Orr, harassment or harm in any shape or form.

26) Three (3): Compensatory damages in the amount of fifteen thousand dollars against each defendant, jointly and serverally.

27) Four (4): Punitive damages in the amount of fifty thousand dollars against each defendant.

28) Five (5): A jury trial on all issues triable by a jury.

29) Six (6): My costs in this suit.

30) Seven (7): Any additional relief this Court deems just, proper, and equitable. Done This Thursday, 8-06-2010

Respectfully Submitted This 6th day of August, 2010.

*Richard Gerald Orr,*
Richard Gerald Orr.

## XI. VERIFICATION

31) I have read the foregoing Complaint and hereby verify that the matters alleged therein are true and correct, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct. Respectfully Submitted and Executed at the Clark County Jail, P.O. Box 1147, Vancouver, Washington 98666-1147; *Richard Gerald Orr*
Richard Gerald Orr

Executed this 6th day of August, 2010.